UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIEU-MERCI LUBIBA,<br><br>  Plaintiff,<br><br>  v.<br><br>KING COUNTY SUPERIOR COURT - FAMILY LAW DIVISION; HON. MARSHALL FERGUSON; KIESE WILBURN; DOES 1-5,<br><br>  Defendant. | CASE NO. 2:25-cv-00799-JNW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on pro se Plaintiff Dieu-Merci Lubiba's Emergency Motion for Temporary Restraining Order (TRO). Dkt. No. 2. For the reasons explained below, the motion is DENIED.

Lubiba's proposed complaint[1] asserts claims against Defendants King County Superior Court – Family Law Division, Judge Marshall Ferguson, and Bailiff Kiese Wilburn for deprivation of constitutional due process (42 U.S.C. § 1983), retaliation

---

[1] Lubiba's proposed complaint has not been entered on the docket as the operative pleading because Lubiba's application for leave to proceed in forma pauperis (IFP) has not yet been resolved. *See* Dkt. Nos. 1, 3.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

for protected activity under the Americans with Disabilities Act (ADA) (42 U.S.C. § 12203), violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and violation of Title II of the ADA (42 U.S.C. § 12132). Dkt. No. 1-2. The basis of these claims is that Defendants allegedly violated Lubiba's rights during state family-court proceedings through "the denial of… ADA-protected court access, retaliatory rulings, and irreparable harm to fundamental parental rights" *Id.* at 1.

Lubiba requests immediate relief in the form of a TRO "freezing" (1) "enforcement of all orders issued [in Lubiba's state family-court proceedings] on or after April 24, 2025"; (2) [a]ny orders affecting parenting time, service, or financial obligations"; and (3) "rulings and judgments issued in King County Superior Court cases 23-3-02516-8 SEA and 24-2-09781-2 SEA[.]" Dkt. No. 2 at 3. Lubiba also asks the Court to set an expedited hearing for a preliminary injunction and to "[i]ssue a Preliminary Injunction maintaining the stay until ADA compliance, procedural integrity, and constitutional protections are lawfully assured[,]" *Id.*

District courts have a duty to construe pro se pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This liberal construction is particularly important in civil rights cases. *See Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). Even so, while the Court construes Lubiba's filings liberally, Lubiba is still subject to the procedural rules governing TROs and preliminary injunctions. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that pro se litigants are bound by the rules of procedure).

To obtain a TRO, the moving party must serve all motion papers on the nonmoving party unless the requirements of Rule 65(b)(1)—issuance of a TRO

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 2

without notice—are met. LCR 65(b)(1); Fed. R. Civ. P. 65(b)(1). The Court may issue an ex parte TRO—meaning a TRO without notice to the adverse party—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" *and* the movant certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)*; see also* LCR 65(b)(1) ("Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion."). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

      Lubiba's TRO motion fails to satisfy the procedural requirements of Rule 65(b) and Local Civil Rule 65(b)(1). The motion includes no certification indicating notice given to Defendants. Nor does it address the standard for issuance of an ex parte TRO. It neither certifies "efforts made to give notice" nor provides "reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1). It includes no indication that irreparable injury is likely to occur before Defendants can be noticed. And on this record, the Court does not find that Lubiba's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). An ex parte TRO can be warranted when it is necessary to avert some "immediate threatened injury." *See*

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 3

*Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Lubiba points to no immediate injury requiring ex parte action. As such, the Court finds no basis for emergency relief before Defendants may be heard in opposition. *See Abdel-Malak v. Doe*, No. EDCV 20-00322-CJC (KKx), 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"). Lubiba's request for a preliminary injunction fails for the same reasons.

Accordingly, Lubiba's Emergency Motion for Temporary Restraining Order, Dkt. No. 2, is DENIED in its entirety.

It is so ORDERED.

Dated this 30th day of April, 2025.

Jamal N. Whitehead
United States District Judge