UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIEU-MERCI LUBIBA, | CASE NO. 2:25-cv-00799-JNW |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY SUPERIOR COURT - FAMILY LAW DIVISION; HON. MARSHALL FERGUSON; KIESE WILBURN; DOES 1-5, | |
| Defendants. | |

## 1.  INTRODUCTION

This matter comes before the Court on pro se Plaintiff Dieu-Merci Lubiba's Renewed Emergency Motion for Temporary Restraining Order (TRO), Dkt. No. 17; Application for Court-Appointed Counsel, Dkt. No. 15; and Motion to Seal, Dkt. No. 14. Having carefully reviewed Lubiba's filings, the record, and the law, the Court, for the reasons explained below, DENIES the renewed motion for a TRO; DENIES the application for counsel; and RESERVES decision on the motion to seal.

Additionally, because Lubiba proceeds in forma pauperis (IFP), the Court assesses the sufficiency of Lubiba's complaint, Dkt. No. 13, under 28 U.S.C.

**ORDER** - 1

§ 1915(e)(2)(B) ("Section 1915"). Upon review, the Court FINDS that Lubiba's complaint fails to state a claim upon which relief may be granted. But rather than dismissing this case outright under Section 1915, the Court GRANTS Lubiba leave to amend his complaint within TWENTY-ONE (21) days of this Order to rectify the defects discussed below. Failure to do so will result in dismissal of this action.

## 2. BACKGROUND

Lubiba initiated this proceeding on April 30, 2025, by filing his IFP application, Dkt. No. 1; proposed complaint, Dkt. No. 1-2; application for court-appointed counsel, Dkt. No. 1-6, and emergency motion for TRO and preliminary injunction, Dkt. No. 2. Immediately, the Court denied Lubiba's request for a TRO and preliminary injunction without directly addressing the merits of his claims because he failed to meet the procedural requirements for ex parte relief. Dkt. No. 4; *see* Fed. R. Civ. P. 65(b)(1); LCR 65(b)(1).

On May 7, after Lubiba corrected several errors in his IFP application (*see* Dkt. Nos. 6, 7, 9, 10), U.S. Magistrate Judge S. Kate Vaughan granted Lubiba's application for IFP status, Dkt. No. 12, allowing Lubiba's complaint to be filed on the docket. *See* Dkt. No. 13. But Judge Vaughan recommended that the Court review the sufficiency of Lubiba's complaint under Section 1915 before issuing summons. *See* Dkt. No. 12.

Lubiba sues three defendants: King County Superior Court – Family Law Division; Judge Marshall Ferguson; and Judicial Bailiff Kiese Wilburn. Dkt. No. 13. He brings four claims against them: (1) violation of Title II of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132); (2) violation of Section 504 of the

ORDER - 2

Rehabilitation Act (29 U.S.C. § 794); (3) retaliation for ADA-protected activity (42 U.S.C. § 12203); and (4) deprivation of constitutional due process (42 U.S.C. § 1983). *Id.*

The basis of these claims is that Defendants allegedly violated Lubiba's "federally protected rights" by issuing and enforcing rulings adverse to Lubiba throughout his pending family-court custody proceeding. *Id.* He alleges that since March 14, 2025, Judge Ferguson has subjected Lubiba to a "litigation restriction that was entered without notice, hearing, or factual findings," which has effectively "barred" him "from participating in proceedings affecting [his] child's safety, [his] ability to respond to motions, or to correct the record." Dkt. No. 18 at 2. He alleges that on May 28, 2025, he will "face a final… hearing that may permanently modify or terminate [his] parental rights." *Id.* Before that hearing takes place, he seeks an injunction "freezing the enforcement" of Judge Ferguson's interlocutory rulings; "preserv[ing] the status quo with respect to parenting time, custody access, [and] filing rights"; and enjoining Defendants from "taking any further retaliatory, exclusionary, or procedurally suppressive action during the pendency of this litigation." Dkt. No. 13 at 4–5.

On May 7, 2025, Lubiba moved to seal, seeking to seal all filings containing Lubiba's identity and contact information, including mailing address, phone number, and email address; medical information; references to his minor child; materials describing his finances; materials describing trauma and harm; and descriptions of legal strategy. Dkt. No. 14. Upon receipt of this motion, the Court provisionally sealed all filings with Lubiba's personal information pending

**ORDER** - 3

resolution of the motion to seal. Because Lubiba's filings contain a footer with Lubiba's contact information, this provisional seal currently encompasses all of Lubiba's filings to date. *See* Dkt.

On the same day—May 7—Lubiba also applied for Court-appointed counsel, arguing that the Court should appoint pro bono counsel to represent him because of the complexity of the case, his limited capacity to litigate, the interests at stake, the likely merit of his claims, and the interests of justice. Dkt. No. 15.

On May 22, Lubiba filed a Renewed Emergency Motion for TRO, once again seeking an ex parte TRO "stay[ing] enforcement of all orders issued [in Lubiba's state family-court proceeding] on or after March 14, 2025" and "enjoin[ing] the May 28, 2025 hearing pending further review." Dkt. No. 17. To distinguish this request from the earlier one that was denied for failure to justify ex parte relief, Lubiba argued that"[n]otice cannot reasonably be given to Defendants because… Plaintiff is barred from filing or serving in state court without prior judicial approval[;] Court staff have ignored or rerouted ADA requests[;] [and] Defendants are courtroom officials who control their own access and coordination." *Id.* at 2.

### 3. TRO REQUEST

The Court denied Lubiba's previous request for a TRO because of his failure to comply with the procedural requirements governing the issuance of an ex parte TRO. *See* Dkt. No. 4 at 3 ("The Court may issue an ex parte TRO… only if 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition' and the movant certifies in writing 'any efforts

made to give notice and the reasons why it should not be required.'" (quoting Fed. R. Civ. P. 65(b)(1))). Lubiba differentiates his renewed request from the previous one by asserting, in a signed filing, that he cannot provide notice to Defendants because, among other reasons, he is "barred from filing or serving in state court without prior judicial approval[.]" Dkt. No. 17 at 2.

The Court is not persuaded. To serve all motion papers on Defendants as required by Rule 65 would not require Lubiba to do so on the state-court docket in which he is allegedly subject to a litigation restriction. Lubiba provides no satisfactory reason for issuance of an ex parte TRO. But rather than dismissing the instant request on this procedural ground alone, the Court also finds that—even if the requirements for an ex parte TRO *were* satisfied—Lubiba would not be entitled to such relief.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[A] plaintiff seeking a [TRO] must make a clear showing that '[they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024) (quoting *Winter*, 555 U.S. at 20). These four elements—the *Winter* factors—apply whenever a preliminary injunction is sought. *Winter*, 555 U.S. at 20. To obtain relief, a plaintiff must "make a showing on all four prongs." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135. (9th Cir. 2011). The first *Winter* factor, "[l]ikelihood of success on the merits[,] is the

ORDER - 5

most important factor[.]" *Edge v. City of Everett*, 929 F.3d 657, 663 (9th Cir. 2019). *See also Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (explaining the Ninth Circuit's "sliding scale" approach to preliminary injunctions, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of a preliminary injunction, so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest").

Upon review, the Court finds that Lubiba fails to satisfy the first *Winter* factor: he fails to raise serious questions on the merits of his claims. In large part, this is because his claims are likely not even justiciable.

First, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Lubiba seeks exactly such an injunction—staying state-court proceedings—yet provides no argument about why the Anti-Injunction Act permits the relief sought. *See* Dkt. No. 17 at 5.

Second, *Younger* abstention also weighs against exercising jurisdiction over Lubiba's claims. Under *Younger*, federal courts will not interfere where "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v.*

ORDER - 6

*State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Here, all four of these requirements are met. Lubiba asks the Court to enjoin a pending state-court proceeding implicating the state's important interest in regulating family relations. Under binding precedent, that proceeding is presumed to afford an adequate opportunity to raise federal-constitutional challenges absent "unambiguous authority to the contrary"—which Lubiba does not provide *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Nor does Lubiba show that any exception to *Younger* abstention applies. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) (holding that courts should not abstain under *Younger* if the plaintiff shows "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate").

Third, under the *Rooker-Feldman* doctrine, "federal district courts do not have jurisdiction to hear de facto appeals from state-court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Lubiba's claims—challenging Judge Ferguson's rulings in state court—fall squarely in the scope of *Rooker-Feldman*. Lubiba tries to argue that *Rooker-Feldman* does not apply because Lubiba's claims challenge "continuing violations" rather than "past state judgments." Dkt. No. 13 at 4. But the Ninth Circuit has made clear that *Rooker-Feldman* applies not only to appeals of final judgments but also to de facto appeals of "interlocutory state court

**ORDER** - 7

decisions" such as the procedural rulings that Lubiba challenges here. *See Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Because the Anti-Injunction Act, *Younger* abstention, and *Rooker-Feldman* prevent the Court from exercising jurisdiction over Lubiba's claims, the Court need not address *other* issues with Lubiba's claims at this time—such as Eleventh Amendment immunity, judicial and quasi-judicial immunity, and whether the ADA and Rehabilitation Act provide causes of action against individual defendants. In short, Lubiba's claims appear not to be justiciable and are therefore unlikely to succeed on the merits. On this basis—and for the Rule 65 deficiencies discussed above—Lubiba's renewed TRO motion is DENIED.

## 4. APPLICATION FOR COURT-APPOINTED COUNSEL

Lubiba asks the Court to appoint pro bono counsel to represent him here. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation," which is not the case here. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even so, the Court may appoint counsel for litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Section 1915(d) empowers the district court to appoint counsel in civil actions brought in forma pauperis. Appointment of counsel under this section is discretionary, not mandatory."). But the Court lacks authority to compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). The decision whether to request pro bono counsel rests within "the sound discretion of

the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To decide whether such "exceptional circumstances" exist, the Court must evaluate "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The factors must be viewed together; neither factor is dispositive. *Id.* Whether a pro se plaintiff would fare better with help from counsel is not the test. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

Lubiba—like *all* pro se litigants—will face challenges bringing this case alone. But his circumstances are not exceptional. Through his various filings, he has shown a basic grasp of court procedure and an ability to convey his positions in writing. But as discussed above, he has not shown a likelihood of success on the merits. This problem stems not from inartful pleading but from material defects in his complaint that likely prevent the Court from exercising jurisdiction over his claims. On this basis, Lubiba's motion for appointment of counsel is DENIED.

## 5. MOTION TO SEAL

To overcome the strong presumption of public access to court records, a motion to seal must satisfy *both* the procedural requirements set forth in LCR 5(g)(3)(A) *and* the substantive requirements rooted in LCR 5(g)(3)(B) and Ninth Circuit case law. *See generally Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–83 (9th Cir. 2006).

**ORDER** - 9

Lubiba's motion to seal fails on both fronts. Dkt. No. 14. Procedurally, it includes no meet-and-confer certification as required by LCR 5(g)(3)(B). On this basis, it is defective and cannot be granted. And substantively, it sweeps far wider than appropriate. To be sure, the Court sees no problem with Lubiba's request to maintain the privacy of his medical and ADA-related information; references to his minor child; materials describing his financial situation; and materials describing trauma and harm. *See* LCR 5, 5.2. But by seeking to maintain the secrecy of his *contact information*—and then including that contact information on every page of his filings—Lubiba has rendered this entire case invisible to the public. Lubiba's assertion that "[d]isclosure would risk misuse of mailing data, surveillance, or further harassment" is too conclusory to justify such invisibility. Dkt. No. 14 at 6.

That said, the Court will not deny Lubiba's motion to seal at this time because the Court recognizes that Lubiba cannot meet and confer with opposing counsel until service of process has been effected—and service of process cannot be effected until the Court's Section 1915 review is complete and summons has issued. As such, the Court RESERVES decision on the motion to seal.

Still, the Court will not indefinitely maintain all filings under seal merely because of Lubiba's conclusory assertion that harm will befall him if his contact information is publicized. Thus, the Court ORDERS Lubiba, within TWENTY-ONE (21) days of this Order, to: (1) file redacted versions of his filings in order to conceal his private information while publicizing non-private information; (2) file an amended motion to seal that does not seek to maintain his contact information under seal; or (3) show cause as to why the materials presently under provisional

seal should remain sealed while Lubiba's motion to seal is pending. If Lubiba fails to do so, the Court will unseal all filings that, in the Court's discretion, do not merit secrecy.

### 6.  SECTION 1915 REVIEW

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, including "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8. While Rule 8 does not demand detailed allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without

leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). But even so, the duties imposed on the Court by Section 1915 are unwavering—and when an IFP plaintiff fails to state a claim, the action must be dismissed.

Upon review, the Court finds numerous issues with Lubiba's complaint that prevent it from passing muster under Section 1915. As discussed above, the Anti-Injunction Act, *Younger* abstention, and *Rooker-Feldman* preclude federal jurisdiction over Lubiba's claims. These defects are likely fatal. But rather than dismissing Lubiba's complaint outright, the Court GRANTS him TWENTY-ONE days to submit an amended complaint or otherwise show cause as to why the Court should exercise jurisdiction over his claims and allow summons to issue. Failure to do so will result in dismissal of this lawsuit under Section 1915.

### 7.  CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

- Lubiba's Renewed Emergency Motion for Temporary Restraining Order is DENIED. Dkt. No. 17.
- Lubiba's Application for Court Appointed Counsel is DENIED. Dkt. No. 15.
- The Court RESERVES decision on Lubiba's Motion to Seal. Dkt. No. 14. The provisional seal protecting all filings with Lubiba's contact information remains in effect. However, the Court will not maintain this provisional seal indefinitely. The Court ORDERS Lubiba, within

TWENTY-ONE (21) days of this Order, to (1) submit redacted versions of his filings; (2) file an amended motion to seal that does not seek to maintain his contact information under seal; or (3) show cause as to why the materials presently under provisional seal should remain sealed while the motion to seal is pending.

- Because of the justiciability issues discussed above, the Court FINDS that Lubiba's Complaint, Dkt. No. 13, does not state a claim upon which relief may be granted. But rather than dismissing this case outright under 28 U.S.C. § 1915(e)(2)(B), the Court GRANTS Lubiba leave to amend the complaint within TWENTY-ONE (21) days of this Order to address the defects discussed above. Failure to do so will result in dismissal of this case.

It is so ORDERED.

Dated this 27th day of May, 2025.

Jamal N. Whitehead
United States District Judge