UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIEU-MERCI LUBIBA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KING COUNTY SUPERIOR COURT - FAMILY LAW DIVISION; HON. MARSHALL FERGUSON; KIESE WILBURN; DOES 1-5,<br><br>　　　　　　Defendants. | CASE NO. 2:25-cv-00799-JNW<br><br>ORDER |

## 1. INTRODUCTION

Pro se Plaintiff Dieu-Merci Lubiba pursues this action in forma pauperis (IFP). Dkt. No. 12. When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). On May 27, the Court reviewed Lubiba's complaint and found that it fails to state a claim upon which relief may be granted because "the Anti-Injunction Act, *Younger* abstention, and *Rooker-Feldman* preclude federal jurisdiction over Lubiba's claims." Dkt. No. 19. Rather than dismissing the case, the Court granted Lubiba leave to amend the complaint. *Id.*

ORDER - 1

The Court also found that Lubiba's motion to seal, Dkt. No. 14, was procedurally and substantively deficient; yet rather than denying the motion and thus lifting the provisional seal, the Court reserved judgment, left the provisional seal in place, and ordered Lubiba to show cause why the sealed filings should remain hidden from public view. *Id.*

On June 17, Lubiba filed an amended complaint, Dkt. No. 22; renewed motion for temporary restraining order (TRO), Dkt. No. 24; and corrected motion to seal, Dkt. No. 20. Upon review, the Court, being fully informed, finds that the amended complaint does not rectify the defects identified in the previous complaint. Because the Court concludes that further leave to amend would be futile, the Court DISMISSES this action in its entirety under Section 1915. The renewed TRO request is therefore DENIED. Dkt. No. 24.

As for the corrected motion to seal, the Court adopts Lubiba's request for leave to file redacted versions of his sealed filings and gives him FOURTEEN days to do so. Until that time, the Court RESERVES decision on his motions to seal (Dkt. Nos. 14, 20) and DIRECTS the Clerk of Court to maintain Lubiba's filings under provisional seal. If Lubiba does not timely file redacted versions of his filings, the Court will lift the provisional seal and maintain only those filings under seal that must remain sealed under LCR 5.2.

## 2. SECTION 1915 REVIEW

In its May 27 Order, the Court reviewed Lubiba's initial complaint under Section 1915 and found that it failed to state a claim on which relief may be granted for at least three reasons: one, it seeks an injunction staying state-court proceedings

in violation of 28 U.S.C. § 2283; second; it is subject to *Younger* abstention; and third, it seeks federal review of interlocutory state-court decisions in violation of the *Rooker-Feldman* doctrine. *See* Dkt. No. 19 at 4–8, 11–12.

Lubiba's amended complaint cures none of these defects. The complaint makes conclusory assertions of law, asserting that Judge Ferguson's procedural rulings in Lubiba's state case are unlawful under the Americans with Disabilities Act (ADA) and U.S. Constitution. But the complaint offers no factual allegations to support these conclusory assertions. Lubiba provides a small record of his communications with the state court. *See* Dkt. No. 23 at 4–10. Upon review, the Court finds that this record does not provide any evidence of procedural irregularity in his state case. And conclusory assertions of law alone are insufficient to plausibly state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even more to the point, Lubiba's amended complaint does not address the Court's *Younger* analysis. The complaint—and the renewed TRO request—seek injunctive relief to block the enforcement of procedural rulings in Lubiba's state family-court proceeding. As explained previously, such federal intervention in an ongoing state case is generally impermissible. *See Younger v. Harris*, 401 U.S. 37 (1971). And Lubiba provides no evidence or even allegations to persuade the Court that his state-court proceeding is being "conducted in bad faith or to harass the litigant" such that an exception to *Younger* abstention might apply. *See Cornell v. Off. of Dist. Att'y, Cnty. of Riverside*, 616 F. Supp. 3d 1026, 1036 (C.D. Cal. 2022).

Additionally, just as *Younger* abstention forbids the injunctive relief sought in Lubiba's complaint, immunity doctrines preclude his claims for monetary relief.

ORDER - 3

Lubiba sues the family court, the family-court judge, and the judicial bailiff for monetary damages stemming from allegedly unlawful rulings. All these defendants are immune from Lubiba's damages claims.

First, "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). A local court, such as Defendant King County Superior Court, is considered an "arm of the state" and therefore protected by Eleventh Amendment immunity. *Id.*

Likewise, under the common-law doctrine of judicial immunity, judges are immune from monetary liability for acts—even gravely erroneous acts—performed in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). This doctrine precludes Lubiba's damages claims against Judge Ferguson, which stem from his official rulings.

Similarly, the common-law doctrine of quasi-judicial immunity immunizes *non*-jurists "who perform functions closely associated with the judicial process" from monetary liability for quasi-judicial acts. *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002), *as amended* (Sept. 6, 2002). Lubiba's monetary damages claim against Judge Ferguson's judicial bailiff, Defendant Kiese Wilburn, does not survive Wilburn's quasi-judicial immunity.

In sum, because Lubiba states no claim on which relief can be granted, the Court FINDS that the complaint must be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B).

### 3. MOTION TO SEAL

Before dispensing with this matter, the Court must also address Lubiba's motions to seal. Dkt. Nos. 14, 20. In its previous Order, the Court found that Lubiba's motion to seal at Dkt. No. 14 was procedurally and substantively defective. *See* Dkt. No. 19 at 10. The Court explained that it "sees no problem with Lubiba's request to maintain the privacy of his medical and ADA-related information; references to his minor child; materials describing his financial situation; and materials describing trauma and harm." *Id.* But the Court noted that "by seeking to maintain the secrecy of his *contact information*—and then including that contact information on every page of his filings—Lubiba has rendered this entire case invisible to the public." *Id.*

Rather than denying the motion to seal and thereby exposing Lubiba's personal information to public view, the Court ordered Lubiba, within twenty-one days, to "(1) submit redacted versions of his filings; (2) file an amended motion to seal that does not seek to maintain his contact information under seal; or (3) show cause as to why the materials presently under provisional seal should remain sealed while the motion to seal is pending." *Id.* at 13.

In Lubiba's corrected motion to seal, Lubiba asks the Court to (1) "permit the sealing of previously submitted documents" and (2) "allow Plaintiff to file amended redacted versions of those same documents by next week (on or before June 24, 2025), with protected information removed." Dkt. No. 20 at 1. For now, this proposal is acceptable. The Court RESERVES decision on Lubiba's motions to seal, Dkt. Nos. 14, 20, and ORDERS Lubiba, within FOURTEEN (14) days of this Order, to:

ORDER - 5

1. Provide a comprehensive list of previously submitted filings that Lubiba requests to remain under seal, along with reasons for sealing; and

2. For all such filings, file redacted versions with protected information removed.

Given the strong presumption of public access to court records, if Lubiba fails to comply with this Order, the Court will lift the provisional seal that is currently blocking Lubiba's filings from public view. At that point, the Court will direct the Clerk of Court to unseal all filings that do not merit sealing under LCR 5.2.

## 4. CONCLUSION

The Court FINDS that pro se IFP Plaintiff Dieu-Merci Lubiba's complaint fails to state a claim upon which relief may be granted. Because this failure cannot be cured by further leave to amend, the Court DISMISSES this action in its entirety under 28 U.S.C. § 1915(e)(2)(B). Lubiba's renewed TRO request is DENIED. Dkt. No. 24. The Court RESERVES decision on Lubiba's motions to seal, Dkt. Nos. 14, 20, and GRANTS Lubiba leave, within FOURTEEN (14) days of this Order, to file redacted versions of all sealed documents and a comprehensive list of filings to which Lubiba's motion to seal applies. The Court DIRECTS the Clerk of Court to ENTER JUDGMENT and close this case.

Dated this 23rd day of June, 2025.

Jamal N. Whitehead
United States District Judge